UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SQUARE ONE ENTERTAINMENT INC.,

    Plaintiff,

  v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",

    Defendants.

No. 20 C 5685

Judge Thomas M. Durkin

## MEMORANDUM OPINION & ORDER

Square One Entertainment Inc. alleges that Defendants violate Square One's trademark and copyrights by selling certain food preparation products. Two of the defendants—Zest Ads and flickeryshop—have answered the complaint, including various counterclaims and affirmative defenses. R. 67. Square One has moved to dismiss the counterclaims and to strike the affirmative defenses. R. 76. That motion is granted in part and denied in part.

## Background

This case is one of many filed in this District alleging counterfeit product sales in the United States, on internet market places like eBay and Amazon, by defendants located outside the United States. Plaintiffs often join tens or hundreds of defendants in a single case, but it is rare for any of the defendants to appear. Almost all the claims are resolved by settlement or default judgment.

Because defendants in these cases are often located outside the United States and are allegedly somewhat fly-by-night operations intent on evading U.S. laws, plaintiffs generally seek temporary restraining orders through ex parte proceedings. Plaintiffs contend, and district courts often agree, that it is necessary to restrain the defendants' assets without notice in order to prevent them from removing their assets from the United States or otherwise hiding them. Those orders also usually permit service by email based on the plaintiff's allegation that true physical addresses for the defendants are not readily ascertainable or verifiable.

In this case, the Court granted Square One's ex parte motion for a temporary restraining order and electronic service on September 30, 2020. R. 18. The Court then entered a preliminary injunction on October 27. R. 30. In accordance with the Court's orders, Square One served the defendants by email on October 21. *See* R. 27. Zest Ads and flickeryshop appeared on November 24, R. 40, and answered the complaint on December 22, R. 67. Square One filed this motion to dismiss and strike on January 12, 2021. R. 76.

Square One owns the trademark "Slap Chop" for a food preparation product. Square One also produces infomercials incorporating the trademark to sell the product. Zest Ads and flickeryshop bring the following counterclaims: (1) abuse of process; (2) declaratory judgment of invalidity, unenforceability, and cancellation of the Slap Chop registration; (3) declaratory judgment of non-infringement of copyright; and (4) declaratory judgment of non-infringement of trademark and no violation of Illinois' law. *See* R. 67. Zest Ads and flickeryshop also assert several

affirmative defenses. *See id.* Square One moves to dismiss all four counterclaims and to strike all the affirmative defenses.

## Analysis

### I. Abuse of Process

To state a claim for abuse of process, Zest Ads and flickeryshop "must allege [1] an ulterior purpose and [2] an act in the use of legal process not proper in the regular prosecution of the proceedings." *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F. Supp. 256, 263 (7th Cir. 1993) (citing *Erlich v. Lopin-Erlich*, 553 N.E. 2d 21, 22 (Ill. App. Ct. 1990)). In order to satisfy the second element, the plaintiff must plead facts that show a misapplication of process, or, in other words, the plaintiff must "show that the process was used to accomplish some result that is beyond the purview of the process." *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 758 (7th Cir. 2015). A bald allegation that the suit "was commenced and prosecuted for an ulterior purpose cannot, without more, satisfy the independent act requisite." *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 285 (7th Cir. 1989).

Zest Ads and flickeryshop allege that Square One brought this lawsuit "in order to improperly punish them for purported use of an audiovisual advertisement that Square One lacks the ability to legitimately assert claims in." R. 67 at 37 (¶ 1). Zest Ads and flickeryshop also allege that "Square One is using this action to . . .

3

secure damages for claims" relating to product sales outside the United States, which are unavailable under the Lanham Act. *Id.* at 40 (¶ 24).[1]

These allegations do not identify a misapplication of process. Perhaps it is true that Square One is particularly upset with Zest Ads and flickeryshop because they allegedly not only counterfeited Square One's product, but also used Square One's infomercial and have made many sales outside the United States. Even so, Zest Ads and flickeryshop cannot point to any action that Square One has taken in this case to enforce a copyright it does not own or to seek damages for sales not protected by the Lanham Act. Every motion for relief filed by Square One has been based on the underlying allegations and claims. And while Zest Ads and flickeryshop may dispute those allegations and claims, those disagreements go to the merits of the case and are not a basis to accuse Square One of abuse of process.

Therefore, Zest Ads's and flickeryshop's Counterclaim I for abuse of process is dismissed.

## II. Declaratory Judgment

Zest Ads's and flickeryshop's other three counterclaims seek declaratory judgments that either challenge the validity of Square One's trademark or assert that

---

[1] Zest Ads and flickeryshop also contend that Square One made misrepresentations to the Court in seeking permission for electronic service, but this allegation does not support an abuse of process claim. Instead, it should be brought pursuant to Federal Rules of Civil Procedure 12(b)(4) or (5). To the extent Zest Ads and flickeryshop consider bringing such a motion, they should be aware that the Court recently denied such a motion in another case alleging counterfeit products sold by non-U.S. defendants. *See Hangzhou Chic Intelligent Tech. Co. v. The Partnerships and Unincorporated Assocs. Identified on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *1 (N.D. Ill. Apr. 1, 2021).

4

Zest Ads and flickeryshop did not infringe the trademark or copyrights at issue. All three counterclaims are mirror images of Square One's claims for infringement.

In the Court's experience, mirror-image counterclaims for invalidity in patent cases are common. But in trademark and copyright cases by contrast, courts customarily dismiss counterclaims for declaratory judgments for invalidity. *See, e.g., Maui Jim, Inc. v. SmartBuy Guru Enters.*, 2018 WL 509960, at *8 (N.D. Ill. Jan. 23, 2018). That is because the "counterclaim essentially presents nothing more than the flip side of [the plaintiff's] claims." *Bodum USA, Inc. v. A Top New Casting Inc.*, 2016 WL 4440258, at *1-2 (N.D. Ill. Aug. 23, 2016). These courts have found that the counterclaims merely mirror the initial claim and add "nothing to the case beyond the issues that [the plaintiff] claims call upon the [court] to adjudicate." *Id.*

Some courts, however, have recognized that dismissing counterclaims in copyright lawsuits is problematic. Those courts have explained that doing so gives the plaintiff unilateral control over whether the court reaches the merits of the case because the plaintiff can voluntarily dismiss the claims at any time. *See Malibu Media, LLC v. Khan*, 2019 WL 1382082, *3-4 (N.D. Ill. Mar. 27, 2019). This gives the plaintiff undue leverage in settlement negotiations if an agreement regarding validity of the copyright, or a judgment or acknowledgement regarding the defendant's conduct, is important to the defendant. *Id.* This is concern is especially acute in cases alleging illegal downloading of pornographic materials. This Court and others have noted that it is appropriate to permit counterclaims in such copyright cases to ensure that the defendant can clear their name of embarrassing conduct. *See Malibu Media,*

*LLC v. Mullins*, 2020 WL 6576777, at *1 (N.D. Ill. May 26, 2020) ("The Court dismissed [the plaintiff's] claim . . . with prejudice, but denied the motion to dismiss the counterclaim, holding that a justiciable controversy still existed because [the plaintiff] had not admitted noninfringement and [the defendant] was entitled to attempt to clear his name.") (citing *Strike 3 Holdings, LLC v. Doe*, 2020 WL 531996 (W.D. Wash. Feb. 3, 2020); *Malibu Media, LLC v. Doe*, 2016 WL 3383758 (N.D. Cal. June 20, 2016)).

Embarrassing personal conduct is not at issue here. Nevertheless, a claim that a defendant sells counterfeit goods is serious and can affect the defendant's business beyond the particular case. Additionally, a defendant desiring a decision on the merits regarding the validity of a trademark or copyright should be able to have that decision without the plaintiff's consent. As noted, plaintiffs in cases like this often sue tens or hundreds of defendants at once, and most of the claims are resolved through settlement or default judgment. District courts have tolerated this procedural thicket due to the unusual nature of the epidemic of counterfeit goods being sold in the United States by non-U.S. merchants. But the shear mass of defendants, most of whom either never appear or readily concede liability, has the potential to obscure legitimate defenses. Counterclaims are a means of ensuring the Court reaches the merits when appropriate.

Therefore, Square One's motion to dismiss Zest Ads's and flickeryshop's Counterclaims II-IV is denied.

### III. Affirmative Defenses

Square One also asks the Court to "strike" Defendants' affirmative defenses. Federal Rule of Civil Procedure 12(f) provides that the Court "*may* strike an insufficient defense." (emphasis added). This Court has found that the *Twombly/Iqbal* plausibility standard does not apply to affirmative defenses. *See Silberman v. Stewart*, 2021 WL 1057719, at *1 (N.D. Ill. Mar. 18, 2021); *see also RBG Plastic, LLC v. Webstaurant Store*, 2020 WL 7027601, at *4 (N.D. Ill. Nov. 30, 2020) ("[A] close comparison of Civil Rule 8's textual treatment of claims versus affirmative defenses dictates that affirmative defenses are subject to a *lower* pleading standard than claims."). And motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). That is true here.

Unlike a counterclaim carrying potential liability for the plaintiff, affirmative defenses are generally only relevant to pretrial proceedings with respect to the scope of discovery or summary judgment. A motion to limit the scope of discovery must be brought pursuant to Federal Rule of Civil Procedure 26 and a motion for summary judgment must be brought pursuant to Federal Rule of Civil Procedure 56. Unless Plaintiff can explain why the Court should spend time analyzing the sufficiency of Defendants' affirmative defenses outside the standards of Rules 26 or 56, the Court finds it more efficient to wait until one of those motions is before it. For that reason, Plaintiff's motion to strike is denied.

## Conclusion

Therefore, Square One's motion [76] is granted in part and denied in part. The motion is granted in that Counterclaim I is dismissed. The motion is denied in that Counterclaims II, III, and IV and all the affirmative defenses remain a part of the case. Lastly, Zest Ads's and flickeryshop's motion [90] to strike Square One's reply is denied as moot.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: April 5, 2021