UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SQUARE ONE ENTERTAINMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | No. 20 C 5685 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION & ORDER**

On December 2, 2020, non-attorney Wu Geng Jia filed a motion to dismiss claims against defendant Jieyang Rongcheng Jastar Stainless Steel Products Factory. R. 53. In the motion, Wu alleged that he is the "operator" of Jieyang. *Id.* Two days later, Plaintiff filed a motion to strike arguing that Jieyang is a corporation that cannot be represented pro se. R. 56.

At the motion hearing on December 10, 2020, Plaintiff appeared but Wu did not. The Court orally granted Plaintiff's motion to strike because a corporation cannot proceed pro se. The Court then granted Plaintiff's motion for a default judgment against Jieyang and more than one hundred other defendants. *See* R. 62.

That same day, Wu filed a motion to set aside the default judgment based on the contention that Jieyang is not a corporation but a "personal operation." R. 64 at 1. Plaintiff disputed this contention. *See* R. 70. Being unfamiliar with the relevant

Chinese law, the Court ordered the parties to file supplemental responses including expert legal opinions. *See* R. 75.

Wu submitted the opinion of licensed Chinese attorney, Zeng Xiang Yu. *See* R. 88-1. Zeng states that Jieyang's legal form is an "Individual-Run Industrial and Commercial Household," which is a category not subject to the Chinese corporation law. Zeng explains that Wu is the "operator" and Jieyang is the tradename. According to Zeng, under Chinese law, Wu is personally liable for Jieyang's liabilities and debts and is the proper "litigant to any lawsuit" involving Jieyang.

Plaintiff does not dispute that Jieyang is an Individual-Run Industrial and Commercial Household or that Wu is personally liable for Jieyang's liability and debts. Instead, Plaintiff submitted the opinion of Chinese law professor Zhihan Ma explaining that the tradename of an Individual-Run Industrial and Commercial Household, and not the operator's name, is the proper defendant in a lawsuit. *See* R. 100-1. Professor Ma also emphasized that Jieyang "has obtained a Certificate of Organization Code," which is "issued to all legally registered organization[s], public institutions, government agencies, social organization[s], and enterprise[s]," and is proof that Jieyang "is a business organization, not a 'natural person.'" *Id.* at 3 (¶ 11). Professor Ma does not address whether Wu is personally liable for Jieyang's liability and debts.

The Court finds that Jieyang is most analogous to a sole proprietorship because it is not a corporation and Wu is personally liable for its liabilities and debts. Plaintiff argues that because Jieyang is legally registered and is the proper party in legal

proceedings, Wu cannot proceed on Jieyang's behalf pro se. But sole proprietorships are also legally registered under state law in the United States. *See*, *e.g.*, ILLINOIS DEPARTMENT OF COMMERCE & ECONOMIC OPPORTUNITY WEBSITE.[1] And tradenames are often used in legal proceedings. Nevertheless, it is well-settled that the proprietor of a sole proprietorship may proceed pro se on behalf of the sole proprietorship when it is sued under its tradename. *See United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A sole proprietorship may litigate pro se, because it has no legal identity separate from the proprietor himself."). Because Jieyang's legal category under Chinese law is most analogous to a sole proprietorship under U.S. law, it has no separate legal identity from Wu, and Jieyang can proceed in this case through Wu pro se. Thus, it was improper for the Court to enter a default judgment against Jieyang when Wu had filed a motion to dismiss.

Therefore, Wu and Jieyang's motion to set aside [64] is granted. Accordingly, the Court vacates the default judgment against Jieyang Rongcheng Jastar Stainless Steel Products Factory and reinstates Wu's motion to dismiss [53]. Plaintiff should respond to the motion to dismiss by May 5, 2021. Wu may file a reply brief by May 26, 2021.

---

[1] Available at https://www2.illinois.gov/dceo/SmallBizAssistance/BeginHere/pages/stepbystepguide.aspx ("When a business name is different from the owner(s) full legal name(s), the Illinois Assumed Name Act requires sole proprietorships and general partnerships to register with their local county clerk's office for registration under the Assumed Name Act. Sole proprietors must have a Federal Employer Identification Number if they pay wages to one or more employees, or file any pension or excise tax returns including those of alcohol, tobacco or firearms.").

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 7, 2021

4